UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MONTALVO IBARRA BASTIDAS,

          Petitioner,

-vs-                                                      Case No.  8:05-cv-1111-T-17TBM

UNITED STATES OF AMERICA,

          Respondent.
_____

**ORDER**

This cause is before the Court on Defendant's 28 U.S.C. § 2241 petition for writ of habeas corpus.  Defendant is a federal prisoner who previously filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (See 8:92-cr-368-T-27EAJ; 8:97-cv-144-T-17EAJ). On November 23, 1998, this Court denied the section 2255 motion to vacate (Doc. No. cr-102) and Defendant did not appeal.

On June 6, 2005, Defendant signed the present petition for writ of habeas corpus challenging the same conviction and sentence that he challenged in 8:97-cv-144-T-17EAJ. After review of the record, the Court has determined that the petition for writ of habeas corpus must be June 16, 2005 be **DENIED.**

First, the petition is time-barred.  On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any

unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996). Almost seven years have passed since Defendant's section 2255 motion was denied. See Thomas v. Crosby, 371 F.3d 782, 785 (2004); Medberry v. Crosby, 351 F.3d 1049 (11th Cir. 2003).

Second, Defendant cannot meet the standard for filing a petition for writ of habeas corpus in the present case.

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

Defendant has not met this standard because he has not shown that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Finally, Defendant's claim has no merit. Defendant alleges, in the present petition, that his sentence was improperly enhanced based on the holdings in Apprendi, Ring, Blakely, and Booker. Defendant is not entitled to relief because none of the cases on which Defendant relies are retroactive on collateral attack. See Varela v. United States, 400 F.3d 864 (11th Cir. 2005); In re Dean, 375 F.3d 1287, 1290 (11th Cir.2004); McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001); In re Joshua, 224 F.3d 1281 (11th Cir. 2000).

Most importantly, the present motion to vacate is successive. On April 24, 1996, the President signed into law several habeas corpus amendments, one of which places limits on the filing of second or successive petitions. The amendment provides in pertinent part that before a second or successive application for habeas corpus relief is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Although Petitioner filed the instant petition after the enactment of the aforedescribed amendment, and the present petition is clearly a second or successive petition, Petitioner has not shown that he has applied to the court of appeals for an order authorizing this court to consider his application.

Accordingly, the Court orders:

That Petitioner's petition for writ of habeas corpus is dismissed. The Clerk is directed to close this case and to send Petitioner the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b). The Clerk is directed to enter judgment accordingly.

ORDERED in Tampa, Florida, on June 17, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: MONTALVO IBARRA BASTIDAS