UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MONTALVO IBARRA BASTIDAS,

           Petitioner,

-vs-                                                             Case No.  8:05-cv-1111-T-17TBM

UNITED STATES OF AMERICA,

           Respondent.
_____

**ORDER**

The Court denied Defendant's 28 U.S.C. § 2241 petition for writ of habeas corpus. Defendant is a federal prisoner who previously filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (See 8:92-cr-368-T-27EAJ; 8:97-cv-144-T-17EAJ).  On November 23, 1998, this Court denied the section 2255 motion to vacate (Doc. No. cr-102) and Defendant did not appeal.

On June 6, 2005, Defendant signed the present petition for writ of habeas corpus challenging the same conviction and sentence that he challenged in 8:97-cv-144-T-17EAJ. After review of the record, the Court denied the present petition.  Now, Defendant has filed a Notice of Appeal.

Pursuant to Edwards v. United States, 114 F.3d 1083 (11th Cir. 1997), the Court construes the Notice of Appeal as a request for a certificate of appealability. To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of an underlying claim, and (2) the procedural issues he

seeks to raise. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 475 (2000).[1] Petitioner has failed to meet this standard. Therefore, Petitioner has failed to satisfy the Slack test.

Accordingly, the Court orders:

That Petitioner's construed request for certificate of appealability (Doc. No. 8) is denied.

ORDERED in Tampa, Florida, on July 6, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: MONTALVO IBARRA BASTIDAS

---

[1] Miller-El v. Cockrell, 123 S.Ct. 1029 (2003) does not change the Slack standard. See Ziegler v. Crosby, 345 F.3d 1300, 1303 n.4 (11th Cir. 2003).